IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| KENNETH E. MCAFEE and SHIRLEY MCAFEE,<br><br>                    Plaintiffs,<br><br>          v.<br><br>20th CENTURY GLOVE CORPORATION OF TEXAS et al.,<br><br>                    Defendants. | CIVIL ACTION<br>NO. 13-06856 |

Pappert, J.                                                                                                                June 10, 2015

## MEMORANDUM

### I.

Defendants CBS Corporation ("CBS") and General Electric Company ("GE" and collectively "federal defendants") removed this asbestos action on November 25, 2013 pursuant to the federal officer removal statute, 28 U.S.C. § 1442(a)(1).[1]  Over the course of this litigation, Plaintiffs have lodged a number of unsuccessful challenges to the federal defendants' removal. On December 30, 2013, Plaintiffs asserted that removal was untimely under 28 U.S.C. § 1446(B) and moved to remand the action to state court. (*See* Doc. No. 29.)  The Court denied Plaintiffs' motion on December 30, 2013, finding that the defendants timely removed the action. (*See* Order, Doc. No. 58.)  The parties then completed discovery and the Court adjudicated all motions for summary judgment. (*See* Order, Doc. No. 245.)

---

[1] This case was assigned to the consolidated asbestos products liability multidistrict litigation (MDL 875) for pretrial management. The Presiding Judicial Officer, the Honorable Eduardo C. Robreno, oversaw the case through the motion for summary judgment stage. After the parties completed discovery, complied with MDL-875 Administrative Orders 12 and 12A, and completed their obligations under the Rule 16 Orders issued by the Court, Judge Robreno found that the case was ready to proceed to trial. (*See* Doc. No. 251.)  The case was then reassigned to me for final disposition. (Doc. No. 252.)

On November 4, 2014, the Court ordered Plaintiffs to identify any remaining defendants for trial. (Order, Doc. No. 220.) According to Plaintiffs' response, the federal defendants remained for trial. (Doc. No. 221.) Plaintiffs then renewed their motion for remand, this time challenging the existence of the Court's subject matter jurisdiction on two grounds: (1) the government contractor defense does not confer subject matter jurisdiction upon the court and (2) the Court lacked subject matter jurisdiction because the federal defendants could not present a successful government contractor defense. (Doc. No. 232.) The Court thoroughly considered both of these arguments and held that the Court has subject matter jurisdiction over Plaintiffs' claims. (Order, Doc. No. 245.)

On March 6, 2015, the Court entered an order directing that the case proceed to trial as against GE, CBS, John Crane, Inc. ("John Crane"), Guard-Line, Inc. (incorrectly sued as 20th Century Glove Corporation of Texas), and Crown Cork & Seal Co., Inc.[2] (Doc. No. 251.) The Court held a status conference on March 30, 2015, during which the parties requested a referral to a magistrate judge for a settlement conference. Magistrate Judge Thomas J. Rueter held a productive settlement conference on April 22, 2015, and the Plaintiffs settled their claims against all defendants except John Crane. (*See* Doc. No. 262.) The Court dismissed Plaintiffs' claims against GE, CBS, and Guard-Line, Inc. with prejudice on April 23, 2015.[3] (*Id*.)

After dismissal of the federal defendants, Plaintiffs renewed their motion to remand, contending that the Court must decline to exercise supplemental jurisdiction over the Plaintiffs' remaining claims against John Crane. (Doc. No. 266.) John Crane responded in opposition on May 12, 2015. (Doc. No. 270.)

---

[2]   Crown Cork & Seal, Co., Inc. was dismissed on April 28, 2015. (Doc. No. 264.)

[3]   The Court amended this Order on May 5, 2015. (Doc. No. 269.)

## II.

Plaintiffs move for remand on two grounds. First, they ask the Court to decline to exercise supplemental jurisdiction over their remaining claims against John Crane because the jurisdiction-conferring federal defendants have been dismissed.[4] (Pls.' Mot. Remand 5-7.) Plaintiffs then reassert their challenges to the Court's original jurisdiction. (*Id.* at 8-9.) Because Judge Robreno already considered and rejected Plaintiffs' attacks on the Court's original subject matter jurisdiction, (*see* Order, Doc. No. 245), the Court considers only Plaintiffs' new argument.[5]

GE and CBS removed the action pursuant to the federal officer removal statute, 28 U.S.C. § 1442(a)(1). The Court had original subject matter jurisdiction over Plaintiffs' claims directed at GE and CBS.[6] As the Plaintiffs concede in their motion to remand, the Court has supplemental jurisdiction, pursuant to 28 U.S.C. § 1367(a), over Plaintiffs' claims directed at defendants, like John Crane, who have not asserted the government contractor defense. (*See* Pls'

---

[4]  Though Plaintiffs claim to raise two separate bases upon which the Court may decline to exercise supplemental jurisdiction, the crux of both arguments is the dismissal of the federal defendants.

[5]  John Crane contends that diversity jurisdiction, pursuant to 28 U.S.C. § 1332, now exists because the complaint alleges that the Plaintiffs are citizens of New Jersey, John Crane is a Delaware corporation with its principal place of business in Illinois, and there is no dispute that the amount in controversy exceeds $75,000. (Def's Opp'n Mot. Remand 2.) Federal diversity jurisdiction, however, is measured at the time of removal. *Kaufman v. Allstate N.J. Ins. Co.*, 561 F.3d 144, 152 (3d Cir. 2009). Subsequent changes in the make-up of the parties after removal does not confer jurisdiction upon the Court. *See Jessup v. Cont'l Motors, Inc.*, No. 12-cv-4439, 2013 WL 309895, at *3 (E.D. Pa. Jan. 24, 2013) ("In removed cases, a federal court may only exercise jurisdiction on a basis which the removing party has alleged in its notice of removal.").

[6]  Plaintiffs argue that the District Court was required, pursuant to 28 U.S.C. § 1441(c)(2), to sever all claims against nonremovable defendants and remand those claims to state court. Plaintiffs incorrectly read section 1441(c), which applies only when "a civil action includes (A) a claim arising under the Constitution, laws, or treaties of the United States (within the meaning of section 1331 . . . ), *and* (B) a claim not within the original or *supplemental* jurisdiction of the district court or a claim that has been made nonremovable by statute." 28 U.S.C. § 1441(c)(1) (emphasis added). Here, the Court had original jurisdiction over the claims against GE and CBS and has supplemental jurisdiction pursuant to 28 U.S.C. § 1367(a) over the claims against the remaining defendants. Likewise, the claim against John Crane was removable pursuant to § 1442(a)(1), which permits the removal of the entire case, despite the absence of complete diversity among the parties. *See Lewis v. Asbestos Corp.*, No. 10-cv-650, 2012 WL 3240941, at *6 (D.N.J. Aug. 7, 2012) ("Removal based on § 1442 does not require unanimity of all defendants and applies to the entire matter, even if only one defendant can claim status as a federal officer."). Section 1441(c) is inapplicable.

Mot. Remand 6 ("Judge Robreno has held that the claims against other defendants in removed cases are within pendent jurisdiction.")).

The dismissal of the removing defendants does not eliminate the Court's subject matter jurisdiction over the remaining claims. *See New Rock Asset Partners, L.P. v. Preferred Entity Advancement, Inc.*, 101 F.3d 1492, 1505 (3d Cir. 1996) ("Once a court has decided to exercise jurisdiction over the state claim, however, elimination of the federal claim does not deprive the court of the constitutional power to adjudicate the pendent claim."); *see also In Re: Asbestos Products Liab. Litig. N.D. Pipefitter II Grp. Plaintiffs*, 536 F. App'x 183, 190 n.15 (3d Cir. 2013). Rather, after the dismissal of the jurisdiction-conferring party, the district courts "may decline to exercise supplemental jurisdiction." 28 U.S.C. § 1367(c); *Gulati v. Zuckerman*, 723 F. Supp. 353, 358 (E.D. Pa. 1989) ("Once the federal parties (or, in this case, the claims based upon actions taken pursuant to federal direction) are dismissed from a case which has been removed under § 1442(a)(1), a federal district court has the power either to adjudicate the remaining state claims or to remand to state court."). When determining whether to maintain jurisdiction, the district courts should consider "judicial economy, convenience and fairness to litigants." *United Mine Workers v. Gibbs*, 383 U.S. 715, 726 (1966); *Growth Horizons, Inc. v. Del. Cnty., Pa.*, 983 F.2d 1277, 1284 (3d Cir. 1993).

Despite the fact that the federal defendants have been dismissed and John Crane will not raise the government contractor defense, the considerations of judicial economy, convenience, and fairness all weigh heavily in favor of the Court maintaining jurisdiction. After nearly two years, the parties are firmly entrenched in the federal courts. Discovery has been completed, summary judgment motions have been resolved, and the case is ready for trial. Remanding the parties to state court to start the process anew hardly enhances judicial economy. Moreover,

5

Plaintiffs' claims arise under general maritime law, "regardless of whether they were filed in state court, filed in federal court, or as here, removed from state court to federal court." (Order, Doc. No. 250.) Finally, the Court notes that the remaining defendant, John Crane, would satisfy the elements of 28 U.S.C. § 1332(a)(1). Plaintiffs' motion to remand is accordingly denied.

An appropriate order follows.

*/s/ Gerald J. Papeprt*
GERALD J. PAPPERT, J.
